**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lavanda Terry, | No. CV-24-03298-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Becton Dickinson and Company, et al., | |
| Defendants. | |

Plaintiff Danielle Cadena ("Plaintiff") and Defendant Nextiva, Inc., ("Defendant") filed their Joint Rule 26(f) Planning Meeting Report (Doc. 16) and asked the Court to stay the case until the Court rules on Defendant's Motion to Dismiss (Doc. 9). Defendant's Motion to Dismiss alleges that Plaintiff cannot make out a *prima facie* case for her claims under the Family Medical Leave Act ("FMLA") or the Arizona Paid Sick Leave Statute. (Doc. 9). Plaintiff filed a Response opposing Defendant's Motion to Dismiss. (Doc. 17). Although no formal Motion to Stay was filed by the parties in this case, the Court denies the parties' attempt to stay the case until the Court rules on Defendant's Motion to Dismiss.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Discovery may be stayed when a dispositive motion does not require discovery, but discovery should not be stayed if it is necessary to decide the dispositive motion." *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D. Nev. 2024) (citations omitted). A motion to stay discovery pending

resolution of a potentially dispositive motion may be granted for good cause.  *See Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, 2021 WL 2457482, at *2 (E.D. Cal. June 16, 2021) ("Though the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause.") (citations omitted). Good cause exists to stay discovery "when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.' "  *Flynn*, 345 F.R.D. at 343 (quoting *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (citation omitted).

The Ninth Circuit has not set forth a clear standard for district courts to apply when deciding to stay a case pending the resolution of a potentially dispositive motion.  *See Williams v. Experian Info. Sols. Inc.*, 2024 WL 739676, at *2 (D. Ariz. Feb. 23, 2024). However, "[m]ost federal district courts . . . apply a two-part test under which it is appropriate to stay discovery [where] (1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed and (2) the pending, potentially dispositive motion can be decided absent additional discovery.  Discovery should proceed if either prong of the test is not met.  This test has the Court take a 'preliminary peek' at the underlying motion without exhaustively reviewing the merits."  *Id.* (citing *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, *1 (C.D. Cal. 2024)).  "The party seeking the stay bears the burden of proving that it is warranted." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 937 (N.D. Cal. 2015).  Alternatively, the district court "may, in lieu of a general stay, impose protective orders, seal interrogatories, impose a stay for a finite period of time, or limit a stay to a particular subject matter." *Lizarraga v. City of Nogales Arizona*, 2007 WL 215616, at *1 (D. Ariz. Jan. 24, 2007) (internal citations omitted). The Court must be convinced that the plaintiff will be unable to state a claim for relief.  *See Wood v. McEwen,* 644 F.2d 797, 801-02 (9th Cir. 1981) (citation omitted).

Taking a "preliminary peek" at Defendants' Motion to Dismiss and Plaintiff's opposition in Response to the Motion to Dismiss, without exhaustively reviewing the

merits of the claim, the Court finds, at the very least, Plaintiff has likely plead a plausible claim for FNLA interference, FMLA retaliation, and for claims under the Arizona Paid Sick Leave Act statute. (Doc. 17 at 4, 9, 11). First, Plaintiff alleges that Defendant failed to offer her FMLA leave and then terminated her after she requested and used FMLA leave. (Doc. 17 at 5). She alleges she communicated with her supervisor via text and email multiple times regarding her serious medical conditions. (Doc. 17 at 8). Next, Plaintiff alleges she pleads a *prima facie* case for FMLA retaliation because taking FMLA leave is itself a protected activity, it resulted in her termination, and she can argue a casual link between the two. (Doc. 9 at 14–15); *See Gonzalez v. City of Glendale*, No. CV-17-04593-PHX-SMB, 2020 U.S. Dist. LEXIS 161631, at *24 (D. Ariz. Sep. 3, 2020) (citing to the three-factor test for FMLA retaliation). Lastly, Plaintiff alleges that Defendant violated the Arizona Paid Sick Leave Act by failing to keep proper records. (Doc. 17 at 12). As illustrated, Plaintiffs appear to state a plausible claim for negligence; so, the Court is not convinced that Plaintiffs are unable to state a claim for relief when it addresses Defendants' Motion. *See Flynn*, 345 F.R.D. at 343. Thus, a stay is not appropriate. *See Body Xchange Sports Club, LLC*, 2021 WL 2457482, at *2.

Accordingly,

**IT IS ORDERED** the parties' Motion to Stay (Doc. 16 at 5) is **DENIED**.

**IT IS FURTHER ORDRED** the parties shall supplement their Joint Rule 26(f) Planning Meeting Report within two (2) days of this Order.

Dated this 15th day of January, 2025.

Honorable Diane J. Humetewa
United States District Judge