WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Cadena, | No. CV-24-03198-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Nextiva Incorporated, | |
| Defendant. | |

Before the Court is Nextiva Inc.'s ("Nextiva") Motion to Dismiss all of Danielle Cadena's ("Plaintiff") claims. (Doc. 9). Plaintiff has filed a Response (Doc. 17), and Defendant has filed a Reply. (Doc. 25). After consideration of the pleadings and the relevant law, the Court finds that oral argument is not necessary. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument.") For the reasons set out below, the Court will grant Nextiva's motion in part and deny it in part.

## I.    Background

Plaintiff was hired by Defendant in 2018 to work as a Director of Sales Optimization. (Doc. 1 at ¶ 11). She was promoted twice. Once to the Director of Revenue Strategy and the second time to Director of Sales Development. (*Id.* at ¶¶ 12–13). Beginning in 2023 and continuing into 2024, Plaintiff suffered from a series of mental health and physical challenges. (*Id.* at ¶ 15). Some of her physical health challenges included undergoing a radical hysterectomy after an Ovarian Cancer diagnosis and a vascular mass that required surgery. (*Id.* at ¶ 16). To address these concerns, she

took time off under Defendant's unlimited leave policy. (*Id.* at ¶ 17). When she required further monitoring, she also took leave under the Family Medical Leave Act ("FMLA"). (*Id.* at ¶ 22). Plaintiff's woes, however, did not stop there. She was hospitalized for pneumonia and took leave to recover in March of 2024. (*Id.* at ¶ 24). A relapse of the pneumonia caused her to again seek treatment in April of 2024 and take sick leave. (*Id.* at ¶ 26). Around this same time, Plaintiff's doctors uncovered a lesion on her liver. (*Id.* at ¶ 22). Although the diagnosis remained unknown at that time, Plaintiff took additional sick time to be under the care of an oncologist. (*Id.*) Despite this, Plaintiff alleges that Defendant did not offer her any time off under the FMLA, resulting in her working through her liver and pneumonia issues. (*Id.* at ¶ 23). She alleges that she made her supervisor aware of her multiple physical and mental health issues, but that she was only offered FMLA leave intermittently, and not for every single time she was undergoing FMLA qualifying treatment and recovery. (*Id.* at ¶ 30–33). Plaintiff insists that it was up to Defendant to offer her FMLA leave when Defendant became aware that she needed it. (*Id.* at ¶ 32). Instead, she alleges that Defendant sent her an email on May 25, 2024, stating that Plaintiff's team would be restructured and job duties reassigned. (*Id.* at ¶ 34). In response, Plaintiff sent an email telling Defendant that she has been experiencing health issues since early 2023. (*Id.* at ¶ 35). This email in response, Plaintiff maintains, "constitutes protected conduct, but also again triggered Defendant's obligation to offer her FMLA leave and again put Defendant on notice of Plaintiff's need for such leave." (*Id.* at ¶ 36). A day after the email exchange, Plaintiff was terminated. (*Id.* at ¶ 39). Now, Plaintiff brings the following claims against Defendant: Count I for FMLA Interference; Count II for FMLA Retaliation; Count III for Failure to Provide under the Arizona Sick Leave Statute[1]; and Count IV for Retaliation under the Arizona Sick Leave Statute.

///

---

[1] All references to the Arizona Sick Leave Statute are specifically to the Arizona Fair Wages and Healthy Families Act. A.R.S. §§ 23-373 *et seq.* Because the parties refer to the statute as the Arizona Sick Leave Statute, the Court will do the same.

## II. Legal Standards

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a 12(b)(6) motion, the Court takes the plaintiff's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to a presumption of truth and are not sufficient to defeat a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. A complaint does not need to have detailed factual allegations, but it must have more than a "the-defendant-unlawfully-harmed-me accusation." *Id.*

## III. Discussion

Nextiva argues that all four of Plaintiff's claims should be dismissed for failure to state a claim. (Doc. 9). The Court finds that all of Plaintiff's claims except her FMLA Retaliation claim, survive Nextiva's Motion.

### A. FMLA Interference

In the Motion to Dismiss, Nextiva concedes that Plaintiff has met factors one through three for a prima facie case of FMLA interference. (Doc. 9 at 6). However, Nextiva contends that Plaintiff cannot satisfy factors four through five. (*Id.*) Factor four

establishes the notice requirement for an interference claim and factor five does the same for the denial of benefits requirement. (Doc. 9 at 5). Plaintiff, on the other hand, argues that her Complaint adequately alleges that she meets factors four and five. (Doc. 17 at 4–6). She maintains that she not only provided notice, but that after she did so, she was denied leave. (*Id.*)

An employee brings an "interference" or "entitlement" claim under the FMLA when she alleges a violation of Section 2615(a)(1).[2] *Sanders v. City of Newport*, 657 F.3d 772, 777–778 (9th Cir. 2011) (citing *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112 (9th Cir. 2001)). The relevant part of Section 2615(a)(1) provides that it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" guaranteed by FMLA. The FMLA creates two substantive employee rights: "[f]irst, the employee has a right to use a certain amount of leave for protected reasons, and second, the employee has a right to return to his or her job or an equivalent job after using protected leave." *Bachelder*, 259 F.3d at 1122.

The FMLA does not provide an employee with any additional rights, benefits, or positions that they would not have been entitled to had they not taken protected leave. *Xin Liu v. Amway Corp.,* 347 F.3d 1125, 1132 (9th Cir. 2003) (citing 29 U.S.C. § 2614(a)(3)(B)). "It simply guarantees that an employee's taking leave will not result in a loss of job security or in other adverse employment actions." *Id*. Thus, Section 2615(a)(1) prohibits an employer from considering an employee's "taking of FMLA leave as a negative factor in employment actions, such as . . . disciplinary actions[.]" *Bachelder*, 259 F.3d at 1122. An employer also interferes with an employee's FMLA rights when it discourages her from using such leave. *Xin Liu*, 347 F.3d at 1133.

Employees can prove an interference claim "by using either direct or circumstantial evidence, or both." *Sanders*, 657 F.3d at 778 (declining to apply the burden shifting framework recognized in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to FMLA interference claims) (citing *Xin Liu*, 347 F.3d at 1136). To establish

---

[2] Except where otherwise noted, all Section references are to the FMLA, 26 U.S.C. § 2601 *et seq*.

a *prima facie* case for an FMLA interference claim, an employee must show that: "(1) [s]he was eligible for the FMLA's protections, (2) h[er] employer was covered by the FMLA, (3) [s]he was entitled to leave under the FMLA, (4) [s]he provided sufficient notice of her intent on taking leave, and (5) h[er] employer denied h[er] FMLA benefits to which [s]he was entitled." *Id.* (citing *Burnett v. L.F.W. Inc.*, 472 F.3d 471, 477 (7th Cir. 2006)).

Nextiva's main argument is that Plaintiff did not provide Nextiva with notice of her intent to take leave, thereby failing to satisfy the fourth factor required for a prima facie case of FMLA interference. (Doc. 9 at 6). When Plaintiff did provide notice to Nextiva, Nextiva is adamant that Plaintiff was provided with the FMLA benefits to which she was entitled, blocking Plaintiff from adequately establishing the fifth factor in an FMLA interference claim as well. (*Id.*) Attending first to the notice requirement, if notice was provided, and leave not given, then Plaintiff has adequately alleged FMLA interference. *Bachelder*, 259 F.3d at 1130 (citing 29 § C.F.R. 825.302(c)). If, however, notice was never provided, then Plaintiff cannot satisfy the necessary requirements for an interference claim. *Martin v. Arise Inc.*, No. CV-21-08244-PCT-DJH, 2023 WL 4237332, at *6 (D. Ariz. June 28, 2023) (setting forth the requirements of such a claim).

Fortunately for Plaintiff, the Court finds that as Plaintiff's Complaint stands, she has adequately alleged that she provided notice to Nextiva of her need to take leave and was then denied that leave. Plaintiff alleges in her Complaint, and repeats in her Response, that she suffered from sickness covered by the FMLA. (Doc. 1 at ¶¶ 22, 24, 29, 32). She also states that she texted her supervisor of her need to take leave and did the same in person. (*Id.* at 30). Following Ninth Circuit precedent, Plaintiff was not required to mention the FMLA when notifying Nextiva of her need to take leave. *See Bachelder*, 259 F.3d at 1130 (quoting 29 C.F.R. § 825.302(c)) ("employees need only notify their employers that they will be absent under circumstances which indicate that FMLA might apply.")) As to the denial of benefits after providing notice of leave, Plaintiff states that FMLA leave was not provided to her and she continued to work

through her sickness. (Doc. 1 at ¶ 33). At this juncture, when the Court must accept all well-pled allegations as true, Plaintiff's FMLA interference claim survives. *See Iqbal*, 556 U.S. at 678–79 (setting forth the standard with which to assess 12(b)(6) motions). Drawing all reasonable inferences in Plaintiff's favor, as the Court is required to do at this stage, the Court finds that Plaintiff has adequately alleged a claim for FMLA interference. (*Id.*) Nextiva's Motion to Dismiss as to the interference claim, will therefore, be denied.

### B.   FMLA Retaliation

Next, Defendant argues that Plaintiff's FMLA retaliation should be dismissed because Plaintiff has not plead that she opposed any practice made unlawful by the FMLA. (Doc. 9 at 9). Plaintiff counters that Nextiva retaliated against her because she used FMLA leave. (Doc. 17 at 9). This use of the FMLA leave, according to Plaintiff, is a protected activity, and Nextiva terminated her because she used FMLA qualifying leave. (*Id.*)

Under the FMLA, retaliation claims arise under 29 U.S.C. § 2615(a)(2) and § 2615(b). A retaliation claim under the FMLA is properly brought under 29 U.S.C. § 2615(a)(2) when an employer discharges or discriminates against any individual for opposing any practice made unlawful by the FMLA. *Bachelder*, 259 F.3d at 1124. In the alternative, if an employee is subjected to an adverse employment action or discriminated against for instituting or participating in FMLA proceedings,[3] a retaliation claim may be brought under 29 U.S.C. § 2615(b). *Id.*

At the outset, the Court notes that both parties rely on the wrong legal standard. The following passage from *Bachelder* is instructive for the Court on the proper legal standard to use in FMLA retaliation claims:[4]

---

[3] Under the FMLA, an employee participates in a proceeding or inquiry when she "(1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to [the FMLA]; (2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under [the FMLA]; or (3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under [the FMLA]." 29 § U.S.C. 2615(b).

[4] The Court in *Bachelder* also declined to use the *McDonnell Douglas* burden shifting

- 6 -

> Bachelder's claim does not fall under the "anti-retaliation" or "anti-discrimination" provision of § 2615(a)(2), which prohibits "discriminat[ion] against any individual for opposing any practice made unlawful by the subchapter"; nor does it fall under the anti-retaliation or anti-discrimination provision of § 2615(b), which prohibits discrimination against any individual for instituting or participating in FMLA proceedings or inquiries. By their plain meaning, the anti-retaliation or antidiscrimination provisions do not cover visiting negative consequences on an employee simply because he has used FMLA leave. Such action is, instead, covered under § 2615(a)(1), the provision governing 'Interference [with the] Exercise of rights.

*Bachelder*, 259 F.3d at 1124.  (internal citations omitted) (alterations in original).

To clarify, when an employee alleges that an employer imposed negative consequences on them for using FMLA leave, that is a claim properly brought under FMLA interference, not FMLA retaliation.  And that is exactly what Plaintiff alleges here: that her employer terminated her for using FMLA leave.  (Doc. 17 at 9).  That may be so, but that allegation cannot be used to demonstrate retaliation under the FMLA. Because the Court finds that the FMLA retaliation claim is not legally viable, the Court will grant Nextiva's Motion to Dismiss as to this claim.  *See Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (affirming dismissal of a claim that lacks a cognizable legal theory).

### C. Arizona Sick Leave Statute (Failure to Provide)

Nextiva also disputes Plaintiff's contention that she was not provided with Arizona state law protected sick leave. (Doc. 9 at 9). According to Nextiva, its directors are provided with unlimited leave and the internal leave policy provided by Nextiva is far more generous than the one provided by statute. (*Id.* at 12). Because the statute only provides a floor and not a ceiling on the amount of sick leave a company may provide,

---

framework for FMLA retaliation claims. *Bachelder*, 259 F.3d at 1124. The *McDonnell Douglas* burden shifting framework is composed of three parts: (1) the plaintiff first bears the burden to establish a prima facie case of discrimination or retaliation; (2) the burden shifts to the defendant to identify a legitimate nondiscriminatory reason for the alleged adverse employment action; and (3) the burden shifts back to the plaintiff to show pretext.  *See Sanders v. City of Newport*, 657 F.3d 772, 777 n.3 (9th Cir. 2011) (demonstrating the burden shifting framework).

Nextiva contends that its sick leave policy far exceeded the requirements of the statute. (*Id.*) Plaintiff counters that by saying she was not provided with the sick leave she was owed under the statute. (Doc. 17 at 12).[5]

The Arizona Sick Leave Statute protects the first forty hours of sick leave taken by an employee each year, if the employer has fifteen or more employees. A.R.S. § 23-372(A). If the employer has less than fifteen employees, then only the first twenty four hours of leave a year are protected. A.R.S. § 23-372(B). Arizona's Sick Leave Statute specifically states that protected rights include "the right to request or use earned paid sick time pursuant to this article." A.R.S. § 23-374.

As an initial matter the Court notes that neither party provided the Court with information on how many people are employed by Nextiva. *See* A.R.S. 23-372 (A) & (B) (stating the difference in the amount of sick leave that must be provided depending on the size of the employer). However, the Court understands that at this stage of the litigation it is not necessary for the parties to have supplied that information. Currently, what matters is that Plaintiff has plead a legally cognizable claim with enough factual matter for the Court to draw a reasonable inference in Plaintiff's favor. *Iqbal*, 556 U.S. at 678. That, she has done. Accepting all well-plead facts as true, as the Court is required to do, Plaintiff's claim survives. *Cousins*, 568 F.3d at 1067. Plaintiff alleged in her operative Complaint that she was not provided with sick leave under the statute. (Doc. 1 at ¶ 65). Nextiva's argument that their directors were provided with unlimited sick leave and therefore no violation of the statute could have occurred is unavailing at this juncture. (Doc. 9 at 11); (Doc. 25 at 8). Providing greater leave than necessary under the statute does not diminish the obligation of an employer to comply with other controlling contracts or policies that provide more generous leave. *See Schulz v. Sandweg & Ager,*

---

[5] The parties spend a considerable deal of time in their pleadings arguing about whether a plaintiff can bring a private cause of action for an employer's failure under the statute to provide notice to an employee regarding the employee's sick leave hours. Plaintiff at one point concedes that there is no private cause of action for an employer's notice violation. (Doc. 17 at 11). She further states that she is not bringing a notice violation under the statute, simply a failure to provide violation. (*Id.*) Based on this concession, the Court will not at this time state a conclusion about whether a private cause of action exists.

*P.C.,* No. CV-19-05541-PHX-MHB, 2021 WL 2589735, at *9 (D. Ariz. Apr. 19, 2021) (interpreting the statute's language to mean that providing greater leave does not mean automatic compliance with the statute). Therefore, Plaintiff's claim for failure to provide sick leave under the Arizona Sick Leave statute, survives.

### D.   Arizona Sick Leave Statute (Retaliation)

As a last point, Nextiva argues that Plaintiff's retaliation claim under the statute fails because Plaintiff was terminated for poor performance, not for a retaliatory reason. (Doc. 9 at 14). Plaintiff disputes Nextiva's proffered reason for her termination and states that is a fact intensive inquiry anyways that is improper at the motion to dismiss stage. (Doc. 17 at 14–15). The Court agrees with Plaintiff.

Under Arizona law, it is unlawful for an employer to retaliate or discriminate against an employee who has exercised their right to request or use earned paid sick time. A.R.S. § 23-374(B). If an employer takes adverse action against a person within ninety days of the person's use of paid sick time, it "shall raise a presumption that such action was retaliation[.]" A.R.S. § 23-364(B). This presumption can only be rebutted "by clear and convincing evidence that such action was taken for other permissible reasons." *Id.* "Clear and convincing" means "the thing to be proved is highly probable or reasonably certain." *Kent K. v. Bobby M.*, 110 P.3d 1013, 1018-19 (2005). Courts have found that an employer satisfies its burden by supplying contemporaneous documentary evidence—usually emails—and deposition testimony. *See Corbin v. Ariz. City Fire Dist.*, No. CV-19-05716-PHX-SPL, 2021 WL 1662597, at *4 (D. Ariz. Apr. 28, 2021); *Hoeveler v. Arizona Assocs. in Dermatology & Cosm. Surgery LLC*, No. 1 CA-CV 20-0120, 2021 WL 56402 (Ariz. Ct. App. Jan. 7, 2021).

As Plaintiff argues and as the Court has already stated, at the motion to dismiss stage, all that Plaintiff needs to do is allege that an adverse action was taken by the employer within 90 days of her using sick leave. *See* A.R.S. § 23-364(B) (creating the 90-day timeline for retaliation claims). This creates a presumption under the statute that Plaintiff was retaliated against. (*Id.*) What is required at this stage is that Plaintiff state a

claim that is plausible on its face. *Iqbal*, 556 U.S. at 662. Plaintiff has sufficiently done that. She has alleged that she was terminated in May 2024, after taking protected sick leave in March and April of 2024. (Doc. 1 at 13). This falls within the 90-day protected timeline of the statute. As much as Nextiva would like otherwise, it is improper for the Court to do the burden-shifting analysis required by the statute at this stage of the proceedings. *See Driver v. Good Works Auto Repair LLC*, No. CV-23-01900-PHX-GMS, ECF No. 27 (D. Ariz. May 5, 2024) (stating that Plaintiff's complaint is the operative pleading to determine whether a claim is facially plausible at the motion to dismiss stage). Therefore, at this time, Plaintiff's retaliation claim under Arizona's Sick Leave statute survives, and Nextiva's motion to dismiss as to this claim is denied.

**IV. Leave to Amend**

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.' " *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture C*o., 806 F.2d 1393, 1401 (9th Cir. 1986). In sum, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The Court will not grant Plaintiff leave to amend her Complaint here as the FMLA Retaliation claim is barred as a matter of law. *See Fasso*, 2010 WL 11512367, at *3. Thus, any amendment to his claim would be futile and amendment is therefore properly denied. *See Carrico*, 656 F.3d at 1008.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **GRANTED** in part and **DENIED** in part. Plaintiff's Second Claim for FMLA Retaliation will be **DISMISSED** with prejudice. All of Plaintiff's other claims survive.

Dated this 1st day of July, 2025.

Honorable Diane J. Humetewa
United States District Judge